**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| JAMES C. KNOX, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 4:06CV1823 MLM |
| | ) |
| GARY KEMPKER, et al., | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court for review of plaintiff's complaint pursuant to 28 U.S.C.
§ 1915A(a). Plaintiff, currently a prisoner at Snake River Correctional Institute in Oregon, brings
this action pursuant to 42 U.S.C. §1983 for alleged deprivations of his constitutional rights by
employees of Missouri's Farmington Correctional Center (FCC). Under 28 U.S.C. §1915A(a),
the Court is required to review, "as soon as practicable after docketing, a complaint in a civil
action in which a prisoner seeks redress from a governmental entity or officer or employee of a
governmental entity." The Court is required to "dismiss the complaint, or any portion of the
complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief
may be granted . . ." 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v.
Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be
granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his
claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Jackson
Sawmill Co. v. United States, 580 F.2d 302, 306 (8th Cir. 1978), cert. denied, 439 U.S. 1070
(1979).

In reviewing a pro se complaint under § 1915A, the Court must give the complaint the benefit of a liberal construction. See Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The Complaint**

Plaintiff was an inmate at FCC at all times relevant to the complaint. Named as defendants are Gary Kempker (Director, Missouri Department of Corrections), Dora Schriro (unknown executive, Missouri Department of Corrections), Steven Long (Assistant Director, Missouri Department of Corrections), James Purkett (Superintendent, FCC), Dave Dormire (Warden, Missouri State Penitentiary), Scott Lawrence (Assistant Superintendent, FCC), Bryan Goeke (Assistant Division Director), Paul Gore (Grievance Officer, Missouri State Penitentiary), E. Conley (Regional Medical Director, Correctional Medical Services), J. Sulltrop (Health Services Administrator, FCC), Connie Barton (Nurse, FCC), Melissa Sanders (Member, Classification Committee, FCC), Lindell Edmonds (same), Unknown Blair (Plumber, FCC), John Doe #1 (Counselor, FCC), John Doe #2 (Chairperson, Classification Committee, FCC), and John Doe #3 (unknown).

Prior to the events that gave rise to the complaint, plaintiff had been transferred from the Missouri Department of Corrections to Oregon to be tried on criminal charges before an Oregon state court. Plaintiff was convicted in Oregon state court and was then returned to FCC. Plaintiff states that when he arrived at FCC he was placed in administrative segregation, allegedly because the length of his Missouri and Oregon sentences combined made him ineligible to be in

the general population at FCC. Plaintiff was subsequently transferred from FCC to Missouri State Penitentiary.[1]

Plaintiff believes that his placement in administrative segregation is a due process violation because there were other prisoners in the general population at FCC who had longer sentences than plaintiffs'. Plaintiff states that defendants John Does 1-3 and Sanders were responsible for his placement in administrative segregation and that defendants Purkett and Lawrence approved the placement while citing to policies set forth by Schriro and Long.

Plaintiff asserts that the conditions in administrative segregation were unsanitary, including a leaking toilet and the presence of vermin. Plaintiff states that his complaints "were ignored by prison staff . . ." Plaintiff claims that he filed grievances directed towards defendants Gore, Lawrence, and Purkett, which were ignored. Plaintiff maintains that he was deprived of "adequate hygienic items while placed in administrative segregation." Plaintiff claims that this deprivation contributed to his discomfort. Plaintiff says that he complained about the denial of adequate hygienic items to defendants Gore, Lawrence, and Purkett, but that the situation was not corrected.

Plaintiff states that, as a result of the unsanitary conditions in administrative segregation, he developed a painful rash. Plaintiff maintains that he sought treatment from the nursing staff, but that his request for treatment was initially ignored. Plaintiff contends that when the nursing staff finally saw to his rash, the treatment was inadequate and the rash continued to spread. Plaintiff claims that he sought assistance from defendants Barton, Sulltrop, Conley, Lawrence, and Purkett, but they failed to take action that would have resulted in plaintiff receiving treatment.

---

[1]Missouri State Penitentiary was decommissioned in October 2004.

Plaintiff claims that, as a result of being assigned to administrative segregation, he was deprived of the opportunity to participate in and complete the Missouri Sexual Offender Program (MOSOP), which would have allowed plaintiff to earn time off of his sentence and obtain early release. Plaintiff contends that contacted defendants Schriro, Long, Purkett, Lawrence, Gore, Sanders, and John Does 1-3 "in an effort to resolve this denial of early release to no avail."

Plaintiff complains that he was denied visitation rights with his son by John Doe #1. Plaintiff states that his "effort[] to appeal that decision and hav[e] it rectified was denied throughout the system. Plaintiff appears to blame defendants Lawrence, Purkett, Long, and Schriro for the denial of his appeals.

Plaintiff alleges that while he was in Oregon on detainer, employees of FCC opened and read his legal mail. Plaintiff believes that FCC had a responsibility to forward his legal mail to Oregon while he was away. Plaintiff claims that one of the letters held by defendants was a notice by the State of Missouri that he was being levied an incarceration fee, and that plaintiff was given a certain amount of time to respond before the fee would be levied. Plaintiff says that he was levied the incarceration fee by default because defendants did not forward the letter to him or notify Missouri that he had not received the letter. Plaintiff states that he "sought redress" from defendants Lindell, Lawrence, and Purkett but that they did not help him.

Plaintiff contends that while he was in administrative segregation he was denied access to legal materials. Plaintiff says that he was on appeal from his Oregon case and that he was considering taking legal action against a police officer in Oregon for alleged illegal wiretapping. Plaintiff also claims that he was attempting to correct the various unconstitutional conditions of his confinement in administrative segregation. Plaintiff alleges that the denial of access to legal

4

materials prohibited him from being able to pursue those matters "in a timely and effective fashion." Plaintiff contends that he complained to defendants Gore, Lawrence, and Purkett, but that they did not correct the situation.

Plaintiff maintains that while he was in administrative segregation he was denied access to correspondence materials, such as envelopes and stamps. He claims that, as a result of the denial, he was unable to seek assistance from businesses, organizations, or individuals in his attempts to correct the alleged deprivations of his constitutional rights.

Finally, plaintiff alleges that after being placed in administrative segregation, he "was denied religious materials and an opportunity to practice his religion." Plaintiff says that he "sought redress" from defendants Gore, Lawrence, and Purkett, but that they failed to remedy the situation.

**Discussion**

**A.     Plaintiff's Claim for Denial of Early Release for Failure to Participate in the Missouri Sexual Offender Program Shall be Dismissed as Frivolous**

"[A]n inmate does not have a constitutionally-protected liberty interest in the possibility of parole . . ." Adams v Agniel, 405 F.3d 643, 645 (8th Cir. 2005). And "the Missouri parole statutes 'create no liberty interest' under state law in the parole board's discretionary decisions." Id. (citing Marshall v. Mitchell, 57 F.3d 671, 673 (8th Cir.1995). Similarly, an inmate does not have a "liberty interest in participating in MOSOP . . ." Jones v. Moore, 996 F.2d 943, 945 (8th Cir. 1993). As a result, plaintiff's complaint is legally frivolous or fails to state a claim upon which relief can be granted as to his claim that he was unconstitutionally denied early release for

failure to participate in MOSOP.  Accordingly, plaintiff's claim for denial of early release shall be dismissed without prejudice.

**B.      Plaintiff's Claims Against John Doe #3 Shall be Dismissed**

In general, fictitious parties may not be named as defendants in a civil action.  Phelps v. United States, 15 F.3d 735, 739 (8th Cir. 1994).  An action may proceed against a party whose name is unknown, however, if the complaint makes sufficiently specific allegations to permit the identity of the party to be ascertained after reasonable discovery.  Munz v. Parr, 758 F.2d 1254, 1257 (8th Cir. 1985).  The instant complaint does not make sufficiently specific allegations to permit the identity of John Doe #3 to be ascertained.  As a result, plaintiff's claims against John Doe #3 shall be dismissed without prejudice.

**C.      Plaintiff has Failed to Allege Sufficient Facts to Demonstrate Liability Under 42 U.S.C. § 1983**

"Liability under section 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights."  Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990); see also Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995)(respondeat superior theory inapplicable in § 1983 suits).  In reviewing the instant complaint, it is unclear to the Court which defendants are alleged to be responsible for each of the allegedly unconstitutional acts.  As a result, the Court finds that the complaint does not survive initial review under 28 U.S.C. § 1915A(b), and the Court will not order the Clerk to issue process or cause process to issue at this time.

Because plaintiff is proceeding pro se, the Court finds that plaintiff should be given the opportunity file an amended complaint. Plaintiff is warned that his amended complaint will take the place of his original complaint and will be the only complaint which this Court reviews. As a result, plaintiff must include all of the defendants whom he wishes to sue in the caption of the complaint and set out specific facts against each of them in the complaint. Failure to do so risks dismissal of one or all defendants. Plaintiff shall file an amended complaint within thirty days of the date of this Order or this case shall be dismissed without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint as the Court will order plaintiff to amend the complaint.

**IT IS FURTHER ORDERED** that plaintiff shall file an amended complaint within thirty (30) days from the date of this order. Plaintiff shall include all of the defendants whom he wishes to sue in the caption of the complaint and set out specific facts against each of them in the complaint.

**IT IS FURTHER ORDERED** that if plaintiff fails to file an amended complaint within thirty (30) days from the date of this order, this case shall be dismissed without prejudice.

Dated this 17th day of January, 2007

_____

**UNITED STATES DISTRICT JUDGE**