# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| JAMES C. KNOX, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) | No. 4:06CV1823 MLM |
| GARY KEMPKER, et al., | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's "motion to reinstate plaintiff's claim for denial of early release" and for mandatory review of plaintiff's complaint under 28 U.S.C. § 1915A. Plaintiff, currently a prisoner at Snake River Correctional Institute in Oregon, brings this action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights by employees of Missouri's Farmington Correctional Center (FCC). Plaintiff seeks declaratory and monetary relief.

## 28 U.S.C. § 1915A

Under 28 U.S.C. §1915A(a), the Court is required to review, "as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." The Court is required to "dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted . . ." 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his

claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Jackson Sawmill Co. v. United States, 580 F.2d 302, 306 (8th Cir. 1978), cert. denied, 439 U.S. 1070 (1979).

In reviewing a pro se complaint under § 1915A, the Court must give the complaint the benefit of a liberal construction. See Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**Procedural Background**

Plaintiff's original complaint was filed on December 26, 2006. After reviewing the complaint under § 1915A, the Court dismissed plaintiff's claim for denial of early release and plaintiff's claims against John Doe #3. Additionally, the Court found that the allegations in the complaint did not allege that any of the named defendants were personally involved in the alleged deprivations of plaintiff's constitutional rights, and therefore the complaint failed to state a claim upon which relief could be granted. However, because plaintiff filed the action pro se, the Court allowed plaintiff to file an amended complaint. Plaintiff filed the amended complaint along with the motion to reinstate his claim for denial of early release on February 12, 2007.

**The Amended Complaint**

Plaintiff was an inmate at FCC at all times relevant to the complaint. Named as defendants are Gary Kempker (Director, Missouri Department of Corrections), Steven Long (Assistant Director, Missouri Department of Corrections), James Purkett (Superintendent, FCC), Dave Dormire (Warden, Missouri State Penitentiary), Scott Lawrence (Assistant Superintendent, FCC),

Bryan Goeke (Assistant Division Director), Paul Gore (Grievance Officer, Missouri State Penitentiary), E. Conley (Regional Medical Director, Correctional Medical Services), J. Sulltrop (Health Services Administrator, FCC), Connie Barton (Nurse, FCC), Melissa Sanders (Member, Classification Committee, FCC), Lindell Edmonds (same), Bill Bouyer (Chairperson, Classification Committe), Tony Blair (Plumber, FCC), Unknown Bransetter (Counselor), and John Doe #1 (Counselor, FCC).

Plaintiff alleges that prior to the events that gave rise to the complaint, he was transferred from FCC to Oregon to stand trial on criminal charges. Plaintiff was returned to FCC after the Oregon trial, and plaintiff claims that upon his return he was placed in administrative segregation. Plaintiff states that the proffered reason for his placement in administrative segregation was that the length of his combined Missouri and Oregon prison sentences exceeded the limit allowable for placement in the general population at FCC.

Plaintiff asserts that the "decision to place Plaintiff in administrative segregation was done without cause and without fundamental due process being followed." According to plaintiff, the decision to place plaintiff in administrative segregation was made by John Doe, Bill Bouyer, and Melissa Sanders. Plaintiff claims that he filed grievances with James Purkett and Scott Lawrence, but that the grievances were denied because of the policies directed by defendants Kepker, Long, Dormire, and Goeke.

Plaintiff alleges that the conditions in administrative segregation were unsanitary, i.e., that the toilet leaked and that vermin were present. Plaintiff claims that he filed grievances, but that his grievances were "ignored by prison staff and . . . basically ignored by Defendants Paul Gore,

3

Scott Lawrence and James Purkett." Plaintiff also claims that defendant Blair refused to repair the toilet.

Plaintiff alleges that, in addition to being subjected to unsanitary conditions, plaintiff "was denied adequate hygienic items while placed in administrative segregation." Plaintiff claims that he complained to defendants Gore, Lawrence, and Purkett, but that his complaints were ignored.

Plaintiff avers that the unsanitary conditions in administrative segregation caused him to break out in a painful rash. Plaintiff states that, as a result of the rash, he "sought treatment from the nursing staff [and that his] efforts were ignored . . ." Plaintiff claims that when he finally received treatment, that the treatment was not sufficient. Plaintiff alleges that he "sought assistance from Defendants Connie J. Barton, J. Sulltrop, E. Conley, Scott Lawrence and James Purkett and each failed to take action that would have resulted in Plaintiff receiving adequate medical treatment for his condition."

Plaintiff alleges that while he was in administrative segregation John Doe refused to allow him visitation rights with his son. Plaintiff claims that defendants Lawrence, Purkett, Long, Dormire, Goeke, and Kepmker "all received complaints about the denial [of visitation rights] from the Plaintiff and in each case failed to rectify the visitation denial."

Plaintiff claims that while he was in administrative segregation he "was denied religious materials and an opportunity to practice his religion." Plaintiff claims that he "sought redress from Defendants Paul Gore, Scott Lawrence, and James Purkett and all attempts were either ignored or denied."

Plaintiff alleges that while he was in administrative segregation he "was denied adequate access to legal materials, legal assistance and the ability to research his case." Plaintiff states that

he was appealing the Oregon criminal conviction and was considering filing a lawsuit against a police officer in Oregon, and plaintiff claims that the denial of legal resources prevented him from "pursu[ing those] matters in a timely and effective fashion." Plaintiff claims that defendants Gore, Lawrence, and Purkett were "given an opportunity to investigate and/or remedy the violation of Plaintiff's civil, legal and constitutional rights and failed to do so with deliberate indifference . . ."

Plaintiff alleges that while he was in Oregon an officer at FCC was receiving and opening his legal mail. Plaintiff claims that the unknown officer opened a letter notifying him that he was going to be charged an incarceration fee unless he responded to the notice by a certain date. Plaintiff believes that whoever opened that letter had a duty either to forward the letter to plaintiff or to notify the Missouri Department of Corrections that plaintiff was unable to respond to the notice. Plaintiff says that he did not respond timely to the motion and that he was charged the incarceration fee by default. Plaintiff claims that he asked defendants Edmonds, Lawrence, and Purkett to investigate the matter, but that they failed to remedy the situation. Plaintiff alleges that these defendants actively withheld from him the names of those who opened his mail.

Plaintiff also claims that while he was in administrative segregation he was denied access to envelopes and stamps. Plaintiff alleges that this denial prevented him from seeking outside help from "businesses, organizations, or individuals . . ."

Finally, plaintiff alleges that prior to his transfer to Oregon he was scheduled to enter and complete the Missouri Sex Offender Program (MOSOP). According to plaintiff, prisoners who enter and complete MOSOP are eligible for early release. Plaintiff claims that when he returned to FCC, he was not allowed to enter MOSOP because he of his placement in administrative

5

segregation, and as a result, he was ineligible for early release. Plaintiff claims that defendants Lindell, Edmonds, Sanders, and Bouyer were responsible for this ineligibility for early release.

Plaintiff was eventually transferred to the Missouri State Penitentiary as a result of his classification.

**1.    Placement in Administrative Segregation and Alleged Unsanitary Conditions in Administrative Segregation**

Placement in "administrative segregation is not inherently unconstitutional, its validity depends upon the relative humaneness of the conditions of the segregated confinement and in individual cases upon the existence of a valid and subsisting reason or reasons for the segregation . . ." Kelly v. Brewer, 525 F.2d 394, 400 (8th Cir. 1975).

The Court finds that plaintiff's claims against John Doe, Bill Bouyer, Melissa Sanders, and Tony Blair for improper placement in administrative segregation and for unsanitary conditions in administrative segregation survive initial review under 28 U.S.C. § 1915A(b) and should not be dismissed at this time. As a result, the Court will order Bouyer, Sanders, and Blair to respond to the complaint.

**2.    Medical Mistreatment**

To state a claim for medical mistreatment, plaintiff must plead facts sufficient to indicate a deliberate indifference to serious medical needs. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Camberos v. Branstad, 73 F.3d 174, 175 (8th Cir. 1995). Allegations of mere negligence in giving or failing to supply medical treatment will not suffice. Estelle, 429 U.S. at 106. In order to show deliberate indifference, plaintiff must allege that he suffered objectively serious medical needs and that defendants actually knew of but deliberately disregarded those needs. Dulany v. Carnahan, 132 F.3d 1234, 1239 (8th Cir. 1997).

6

"Liability under section 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990); see also Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995)(respondeat superior theory inapplicable in § 1983 suits).

The allegations of medical mistreatment fail to state a claim under § 1983. First, assuming for the sake of argument that the allegations relating to plaintiff's rash meet the "objectively serious medical needs" requirement, plaintiff has not alleged that defendants "actually knew of but deliberately disregarded those needs." That is, plaintiff merely alleges that he "sought assistance" from defendants and that they "failed to take action . . ." That is not the same thing as alleging that defendants had been actually made aware of plaintiff's allegedly serious condition. Second, the allegations that "nursing staff" knew of plaintiff's condition but failed to treat him fail to claim that any named defendant was personally involved in or directly responsible for the lack of treatment. As a result, plaintiff has failed to state a claim of deliberate indifference to his medical needs, and this claim shall be dismissed under 28 U.S.C. § 1915A(b).

**3.     Denial of Visits**

"[F]reedom of association is among the rights least compatible with incarceration" and some curtailment of that freedom must be expected in the prison context. Overton v. Bazzetta, 539 U.S. 126, 131 (2003). In his complaint, plaintiff alleges only that he not allowed visits with his son during the time he spent in administrative segregation prior to being transferred to Missouri Penitentiary. He does not allege specific facts indicating that this denial of visits

involved an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S.472, 484 (1995). As a result, plaintiff has failed to state a claim for unconstitutional denial of his right to visitation, and this claim shall be dismissed under 28 U.S.C. § 1915A(b).

**4.    Denial of Freedom to Practice Religion**

The allegations of denial of plaintiff's freedom to practice his religion are conclusory and do not contain any facts, which if proved, would afford a basis for granting relief. Additionally, there is no allegation that any defendant was personally responsible for the alleged deprivation. As a result, plaintiff has failed to state a claim for unconstitutional denial of his right to practice his religion, and this claim shall be dismissed under 28 U.S.C. § 1915A(b).

**5.    No Access to Legal Materials or Law Library; Denial of Stamps and Envelopes**

To state a claim for denial of access to the courts, "inmates must assert that they suffered an actual injury to pending or contemplated legal claims." Myers v. Hundley, 101 F.3d 542, 544 (8th Cir. 1996). Plaintiff's allegation that he was prevented from pursuing his pending and contemplated cases "in a timely and effective fashion" is vague and does not constitute an allegation of "actual injury." Additionally, there are no allegations that any defendant was personally responsible for the deprivation. As a result, plaintiff has failed to state a claim for unconstitutional denial of his right of access to the courts, and this claim shall be dismissed under 28 U.S.C. § 1915A(b).

**6.    Opening and Reading of Plaintiff's Mail by Unknown Officials**

"Privileged prisoner mail, that is mail to or from an inmate's attorney and identified as such, may not be opened . . . except in the presence of the prisoner." Jensen v. Klecker, 648 F.2d

8

1179, 1182 (8th Cir. 1981). However, "[n]on-privileged inmate mail is clearly not immune to inspection, thus such inspections [of non-privileged mail] cannot give rise to civil rights violations." Id.

Plaintiff has not alleged that any of the opened mail contained privileged communications. "[T]he mere fact that a letter comes from a legal source is insufficient to indicate that it is confidential and requires special treatment." Harrod v. Halford, 773 F.2d 234, 236 (8th Cir. 1985). As a result, plaintiff has failed to state a claim for invasion of his right to privacy, and this claim shall be dismissed under 28 U.S.C. § 1915A(b). Additionally, plaintiff's claim that the FCC officials failed to inform him of the letter regarding the incarceration fee does not rise to the level of a constitutional violation.

**7.  Denial of Participation in MOSOP**

As stated above, this claim was dismissed from the original complaint for failure to state a claim upon which relief could be granted. The Court now addresses plaintiff's motion to reinstate the claim.

Plaintiff believes that the Eighth Circuit's holding that inmates do not have a "liberty interest in participating in MOSOP . . ."[1] has been overturned. Plaintiff is mistaken. Neither the United States Supreme Court nor the United States Court of Appeals for the Eighth Circuit has overturned the holding in Jones. As a result, plaintiff's motion to reinstate the claim for denial of early release shall be denied.

Accordingly,

---

[1] Jones v. Moore, 996 F.2d 943, 945 (8th Cir. 1993).

**IT IS HEREBY ORDERED** that plaintiff shall issue process or cause process to issue upon the complaint as to defendants Bouyer, Sanders, and Blair.

**IT IS FURTHER ORDERED** that plaintiff shall not issue process or cause process to issue upon the complaint as to defendants Kempker, Long, Purkett, Dormire, Lawrence, Gore, Goeke, Conley, Sulltrop, Barton, Edmonds, Bransetter, or Doe because, as to these defendants, the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

**IT IS FURTHER ORDERED** that plaintiff's "motion to reinstate plaintiff's claim for denial of early release" [Doc. #6] is **DENIED**.

**IT IS FURTHER ORDERED** that this case is assigned to Track 5B: Prisoner Standard.

An appropriate order of partial dismissal shall accompany this Memorandum and Order.

Dated this 16th day of February, 2007.

_____
UNITED STATES DISTRICT JUDGE